# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| BOBBIE SUMMERS, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-19-610-SM |
| ANDREW M. SAUL, Commissioner of Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Bobbie Summers (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 1382c(a)(3)(A). The parties have consented to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Docs. 16, 20.

Plaintiff maintains the ALJ erred by improperly considering the opinion of a medical provider. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

**I.  Administrative determination.**

    **A.  Disability standard.**

---

[1]  Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the Administrative Record will refer to its original pagination.

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just h[er] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

B. **Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

**C. Relevant findings.**

**1. Administrative Law Judge's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 10-22; *see* 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since February 3, 2017, the application date;

(2) had the severe impairments of obesity, major depressive disorder, bipolar disorder, anxiety, and posttraumatic stress disorder (PTSD);

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[2] (RFC) for sedentary work with additional restrictions;

(5) was unable to perform any past relevant work, but could perform jobs that exist in significant numbers in the national economy such as product inspector, table worker/sorter, and touch-up screener; and thus

(6) was not disabled.

AR 13-22.

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

### 2. Appeals Council's findings.

The SSA's Appeals Council denied Plaintiff's request for review, so the ALJ's unfavorable decision is the Commissioner's final decision. *Id.* at 1-6; *see Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks and citation omitted)). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

### B. Issue for judicial review.

Plaintiff asserts the ALJ erred in her consideration of Brandie Strange, APRN-CNP's opinion. Doc. 21, at 7-15.

**III. Analysis.**

**A. Other source opinion review standard.**

Ms. Strange is an Advanced Practice Registered Nurse and a Certified Nurse Practitioner. *See* AR 288, 459. Neither position is considered an "acceptable medical source," but they are instead considered "other sources." *See* SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 6, 2006). An ALJ should still explain the weight given to opinions from other sources, but an ALJ's evaluation of an opinion from nonacceptable medical source "is sufficient if it permits us to 'follow the adjudicator's reasoning.'" *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1164 (10th Cir. 2012) (quoting SSR 06-03p, 2006 WL 2329939, at *6); *accord Carr v. Comm'r*, 734 F. App'x 606, 609 (10th Cir. 2018); *see also* SSR 06-03p, 2006 WL 2329939, at *6 ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning . . . ."). The Court analyzes the ALJ's consideration of Ms. Strange's opinion under this framework.

**B. Ms. Strange's opinion.**

Ms. Strange completed a Mental RFC Assessment form on June 21, 2018. AR 457-59. In Section I of the form, Ms. Strange assessed Plaintiff in twenty areas in the following categories: understanding and memory; sustained

5

concentration and persistence; social interaction; and adaptation. *Id.* at 457-58. According to Ms. Strange, Plaintiff was markedly limited (the highest level of limitation on the form) in thirteen areas, moderately limited in five areas, and not significantly limited in the remaining two areas. *Id.* In Section III of the form, Ms. Strange stated: "[Plaintiff] suffers from extreme anxiety, unable to take criticism, tearful when challenged, unable to follow detailed instructions, become[s]overwhelmed easy and has difficulty using coping tools during panic." *Id.* at 459.

### C. The ALJ did not err in weighing Ms. Strange's opinion.

The ALJ weighed Ms. Strange's opinion as follows:

> On June 21, 2018, Ms. Strange completed a Mental [RFC] Assessment. Ms. Strange reported that [Plaintiff] suffers from extreme anxiety, unable to take criticism, tearful when challenged, unable to follow detailed instructions, becomes overwhelmed easily, and has difficulty using coping tools during panic. The [ALJ] considered, but gives minimal weight to the opinion of Ms. Strange, APRN-CNP, as not an "acceptable medical source" and 13 "marked" limitations are not supported by the record, treatment notes, activities of daily living, etc.

*Id.* at 19 (internal citation omitted). The ALJ's reasoning for assigning minimal weight was proper.

#### 1. Plaintiff seeks a reconsideration of the evidence.

Plaintiff asserts the ALJ erred because the record substantiates Ms. Strange's findings. Doc 21, at 12-15. First, Plaintiff argues the ALJ erred by affording greater weight to the non-examining State agency consultants'

6

opinions because "she did not explain how these opinions could represent the record in light of the six disabling opinions from [Plaintiff's] treating providers." *Id.* at 12. But the ALJ explained the reasons she gave no weight to the opinions that Plaintiff was disabled. AR 18-20. The undersigned will not reweigh the evidence absent a claim of legal error. *See Newbold*, 718 F.3d at 1262.

Plaintiff cites treatment records attempting to show that the record substantiated Ms. Strange's opinion. For example, Plaintiff cites records showing that she was tearful, appeared sad and depressed, reported increased anxiety and distractibility, had not driven in a long time, did not leave the house alone because she got lost, and had crying episodes. Doc. 21, at 13 (citing AR 294, 297, 327, 411, 415, 427). But the ALJ considered Plaintiff's testimony in which she made similar reports. *See* AR 16-17. And while the ALJ did not specifically reference a score of 17 on a PHQ-9 test which "indicat[ed] moderate depressive symptoms," *id.* at 411, the ALJ referenced a diagnosis of "major depressive disorder, recurrent, moderate" on the same date. *Id.* at 19.

Plaintiff further asserts her daily activities were consistent with Ms. Strange's opinion. Doc. 21, at 14-15. In support, she cites portions of her testimony and function report. *Id.* (citing AR 57-58, 245-50). The ALJ did not ignore such evidence, as she listed various activities from Plaintiff's function report and Plaintiff's testimony, including most of those listed by Plaintiff in

7

her brief.³ AR 15-16. Although Plaintiff asserts the ALJ should have come to a different conclusion after analyzing Plaintiff's daily activities and the medical record, the Court cannot reweigh the evidence.⁴

Plaintiff also asserts Ms. Strange "was in the best position to provide an opinion of [Plaintiff's] functioning as she was [Plaintiff's] treating provider for at least a year and a half" and her "opinion was based on the longitudinal record and her personal encounters with [Plaintiff], making the opinion deserving of more significant weight." Doc. 21, at 9. But this also amounts to a request to have the Court reweigh the evidence.

### 2. The ALJ incorporated Ms. Strange's moderate limitations.

Plaintiff also argues the ALJ did not sufficiently address Ms. Strange's moderate limitations. *Id.* at 10. Ms. Strange found Plaintiff was moderately

---

³ Although Plaintiff contends "the ALJ failed to explain what specific evidence was inconsistent with [Ms.] Strange's opinion," Doc. 21, at 12, the ALJ discussed the evidence from the record and Plaintiff's activities of daily living throughout the opinion in a way that allows the undersigned to follow the ALJ's reasoning.

⁴ Plaintiff notes that it is "unclear what 'etc.' meant to support the ALJ's findings." Doc. 21, at 12. This point is well taken, as the vague term does not allow a subsequent reviewer to follow the ALJ's reasoning. But, because the ALJ also relied on Plaintiff's activities of daily living and treatment notes, the Court could evaluate the ALJ's decision. *See Bainbridge v. Colvin*, 618 F. App'x 384, 390 (10th Cir. 2015) ("But even if this reason was improper, the other reasons the ALJ gave were more than sufficient for [the weight given to Ms. Strange's] opinion.").

8

limited in the following areas: the ability to carry out very short and simple instructions; the ability to sustain an ordinary routine without special supervision; the ability to make simple work-related decisions; the ability to ask simple questions or request assistance; and the ability to set realistic goals or make plans independently of others. AR 457-58.

Plaintiff asserts that although the ALJ cited the record, treatment notes, and activities of daily living as reasons for giving minimal weight to the marked opinions, the ALJ only relied on Ms. Strange not being an acceptable medical source for giving minimal weight to the rest of the opinion. Doc. 21, at 10. Plaintiff contends it was error to reject the moderate limitations solely on the basis of Ms. Strange not being an acceptable medical source. *Id.* Further, she contends if the ALJ adopted Ms. Strange's moderate limitations, she would be unable to perform unskilled work, as unskilled work requires Plaintiff to understand, carry out, and remember simple instructions, respond appropriately to supervision, coworkers, and usual work situations, and deal with changes in a routine work setting. *Id.* at 10-11 (citing SSR 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985)).

The Commissioner argues that the ALJ "incorporated into the [RFC] assessment the 'moderate' limitations Ms. Strange suggested." Doc. 27, at 12. The Commissioner cites the Paragraph B criteria, noting that a moderate limitation means that a claimant's "functioning in this area independently,

appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.00(F)(2)(c). Therefore, the Commissioner asserts the ALJ's mental RFC assessment—limiting Plaintiff to performing simple and routine tasks involving no interaction with the general public, and no more than occasional, superficial interaction with co-workers and supervisors—accounted for Ms. Strange's moderate limitations.

An ALJ need not repeat verbatim moderate limitations, but may incorporate them by limiting Plaintiff to particular types of work activity:

> The administrative law judges in *Lee* [*v. Colvin*, 631 F. App'x 538 (10th Cir. 2015)] and in our case did not repeat the moderate limitations assessed by the doctor. But both administrative law judges *incorporated these limitations* by stating how the claimant was limited in the ability to perform work-related activities.
>
> This approach is acceptable in our circuit, for we have held in a published opinion that an administrative law judge can account for moderate limitations by limiting the claimant to particular kinds of work activity. *See Vigil v. Colvin,* 805 F.3d 1199, 1204 (10th Cir. 2015) ("[T]he [administrative law judge] accounted for [the claimant's] moderate concentration, persistence, and pace problems in his [assessment of residual functional capacity] by limiting [the claimant] to unskilled work."). In *Lee*[], we applied this approach, concluding that the administrative law judge *did not err by incorporating the moderate limitations in restricting the claimant in jobs* involving complex tasks, close supervision, or meaningful interaction with supervisors or peers.

*Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) (emphasis added); *see also McCutcheon v. Berryhill*, 2017 WL 1744130, at *1, *4 (W.D. Okla. Mar. 31, 2017) (recommending affirming an ALJ's decision where the RFC limited

10

claimant to "simple tasks with routine supervision" and doctor found moderate limitations in the ability to understand and remember very short and simple instructions, the ability to sustain an ordinary routine without special supervision, and the ability to set realistic goals or make plans independently of others), *adopted*, 2017 WL 1743857 (W.D. Okla. May 3, 2017). Here, the ALJ similarly incorporated the moderate limitations by limiting Plaintiff to the performance of simple and routine tasks involving no interaction with the general public and no more than occasional, superficial interaction with co-workers and supervisors.

Furthermore, the Court notes that Ms. Strange assessed moderate limitations in Section I of the Mental RFC Assessment. AR 457-58. But "it is the Section III narrative assessments that document the RFC." *Webb v. Comm'r*, 750 F. App'x 718, 722 (10th Cir. 2018). While an ALJ cannot ignore moderate limitations from Section I of the Mental RFC Assessment, "[i]f a consultant's Section III narrative fails to describe the effect of a Section I limitation or contradicts a Section I limitation, then the [Mental RFC Assessment] is not substantial evidence to support an RFC." *Id.* Here, the only functional limitation Ms. Strange assessed in Section III that related to Section I's moderate limitations was Plaintiff's inability to follow detailed instructions. AR 459. Thus, Ms. Strange's assessment is consistent with the limitation to simple and routine tasks. As a result, the ALJ's interpretation of

Ms. Strange's findings and the RFC are not inconsistent with the unskilled work the ALJ found Plaintiff could perform.

IV. **Conclusion.**

Based on the above, the court affirms the Commissioner's decision.

**ENTERED** this 6th day of April, 2020.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE